**ORIGINAL**

**FILED**

MAY - 8 2015

# In the United States Court of Federal Claims

No. 14-986C
(Filed: May 8, 2015)

```
*******************************
KEVIN DZIEKONSKI,              *
                               *
           Plaintiff,          *   Pro Se Plaintiff; Lack of Jurisdiction;
                               *   Americans with Disabilities Act; USERRA;
                               *   Application to Proceed In Forma Pauperis
v.                             *
                               *
THE UNITED STATES,             *
                               *
           Defendant.          *
*******************************
```

Kevin Dziekonski, Washington, DC, pro se.

Jeffrey M. Lowry, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

On October 14, 2014, Kevin Dziekonski ("plaintiff"), appearing pro se, filed a four-page complaint, with 159 pages of exhibits attached thereto, and an application to proceed in forma pauperis. Subsequently, on October 24, 2014, plaintiff filed a six-page amended complaint with a CD-ROM containing more than 645 files and subfiles of exhibits in support, which included 75 PDF and 11 Microsoft Word documents, and totaled approximately 1,900 pages. Plaintiff appears to be a disabled veteran, and the crux of his amended complaint is his dissatisfaction with the federal government and the State of Maryland's treatment of veterans, and in particular, disabled veterans. The amended complaint attempts to ground jurisdiction in this court on alleged violations of constitutional and statutory provisions, none of which is money-mandating for the purposes of the Tucker Act. 28 U.S.C. § 1491(a)(1) (2012). Defendant filed a motion to dismiss plaintiff's amended complaint. Although plaintiff's application to proceed in forma pauperis is granted, the court possesses no jurisdiction to hear plaintiff's claims and must therefore dismiss his amended complaint.

## I. BACKGROUND

Generally, the consistent theme running throughout the amended complaint is plaintiff's allegation that the United States has failed to "comply[ with ]or enforce[e ]laws [regarding] disabled veterans" of the armed services. Am. Compl. at 1. Plaintiff avers that defendant has

violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. (1990); the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4323 et seq. (2008); and other statutes and regulations regarding veterans' rights or benefits. Id. Plaintiff contends that federal, state, and local entities are "discriminating" against disabled veterans by failing to adhere to laws and regulations concerning veterans' employment, benefits, and general fair treatment. Id. at 1-4. Plaintiff further alleges that undocumented workers receive more favorable treatment than veterans, id. at 4, that an insufficient number of veterans are employed by the state of Maryland, id. at 4-5, and that veterans' benefits were withheld during and after the October 2013 federal government shutdown, id. at 2. According to plaintiff, such violations "deny veterans' constitutional rights and civil liberties," id. at 1, and constitute a "crime against [him] and [] the Citizens of [t]he United States," id. at 2. In the "Conclusion" section of the amended complaint, plaintiff purports to "hereby fine[ t]he United States ten million ($10,000,000) dollars, plus ten thousand dollars ($10,000) per United States [f]ederal [a]gency, per day, until [t]he United States ceases its continued non-compliance with [d]isabled [v]eterans laws . . . ." Id. at 6.

Defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and for failure to state a claim, thus raising RCFC 12(b)(6), and on the grounds that plaintiff has failed to allege a case or controversy. The motion is fully briefed, and the court deems oral argument unnecessary.

## II. STANDARD OF REVIEW

### A. RCFC 12(b)(1)

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties, or the court, sua sponte, may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air

2

Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189. Ultimately, if the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### III. DISCUSSION

Plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, statute, or federal regulation. Although plaintiff cites certain statutes, none are money-mandating for the purposes of the Tucker Act. For example, plaintiff's reliance on the ADA is unavailing because the United States Court of Appeals for the Federal Circuit has held that the "ADA is not a money-mandating" statute that would provide this court with jurisdiction. Pierce v. United States, 590 F. App'x 1000, 1002 (2015). This is because the statute confers exclusive jurisdiction over ADA claims on district courts. McCauley v. United States, 1998 WL 224949, at *1-2 (Fed. Cir. Apr. 20, 1998) (affirming the Court of Federal Claims' holding that it lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction over such claims); Boddie v. United States, 1996 WL 252832, at *1-2 (Fed. Cir. May 14, 1996) ("The [ADA] does not cover the federal government.") (citing 42 U.S.C. §§ 12111(2), (5), 12112 (1994)); Searles v. United States, 88 Fed. Cl. 801, 805 (2009); see also United States v. Bormes, 133 S. Ct. 12, 18 (2012) ("The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies[, and accordingly,] the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute.").

Similarly, plaintiff's citation to the USERRA fails to establish jurisdiction in this court. The statute provides relief against employment discrimination on the basis of an individual's

"membership, application for membership, performance of service, application for service, or obligation" to the armed services. 38 U.S.C. § 4311(a). Under the USERRA, if a veteran has a claim and the "the employer is a [f]ederal executive agency," id. § 4322(a)(2)(B), jurisdiction to adjudicate the claim lies with the United States Merit Systems Protection Board ("Board"), id. § 4324(a)(1). See also Bodus v. Dep't of the Air Force, 82 M.S.P.R. 508, 513 (1999) ("Under the Uniformed Services Employment and Reemployment Rights Act (USERRA), the Board has jurisdiction over complaints of any person alleging discrimination in [f]ederal employment on account of prior military service." (citing 38 U.S.C. §§ 4303(4)(A)(ii), 4311(a), 4322(a), 4324)). Because the USERRA vests the Board with exclusive jurisdiction over veterans' employment actions against federal executive agencies, this court cannot exercise its jurisdiction to hear plaintiff's claims.

Moreover, to the extent that plaintiff asserts claims against the State of Maryland or its entities, the USERRA provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2); Butts v. United States, 2014 WL 4071649, at *2 (Fed. Cl. Aug. 15, 2014) (finding that "a USERRA claim brought by a private individual against a state entity is to be brought in a [s]tate court" (internal citation and quotation marks omitted)). This court thus has no jurisdiction to hear such claims, as jurisdiction lies with the relevant state court(s).

The other statutory sections that plaintiff invokes, namely, 15 U.S.C. §§ 631, 637, and 656, do not mandate payment of monetary damages by the government within the Tucker Act. Specifically, 15 U.S.C. § 631 sets forth Congress's "declared policy" for the federal government to provide "aid, counsel, assistance" and other support to small businesses. Further, 15 U.S.C. § 637 details the Small Business Administration's duties regarding procurement and other types of contracts. Moreover, 15 U.S.C. § 656 describes the Small Business Administration's Office of Women's Business Ownership, including outlining the parameters of the Women's Business Center program. None of these statutes provides for the payment of monetary damages (nor do any of them even pertain to veterans' claims), thereby preventing this court from exercising its jurisdiction.[1]

---

[1] When this court lacks jurisdiction over a particular action, it has the authority to transfer that action to a court "in which the action . . . could have been brought at the time it was filed or noticed" if such transfer is "in the interest of justice." 28 U.S.C. § 1631. The court often determines whether transfer is in the interest of justice based upon an assessment of plaintiff's claims on their merits. See Taylor v. United States, 92 Fed. Cl. 36, 39 (2010). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)). Here, as defendant correctly notes, although plaintiff makes "general allegations of discrimination against disabled veterans," he fails to "plead any concrete and particularized injury" that would give him standing to bring suit. Def.'s Mot. at 5 (internal quotation marks omitted); see also Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) ("Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."). Thus, because plaintiff does not plead sufficient facts to

4

Additionally, plaintiff asserts that his constitutional rights have been violated,[2] but does not specify which constitutional provisions relate to his claims, or indicate how such rights have been infringed. However, he contends that the denial of his rights constitutes a crime. Assuming plaintiff were to make out a cognizable criminal violation claim, the Court of Federal Claims lacks jurisdiction to entertain criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). Thus, this court possesses no jurisdiction to hear plaintiff's claims related to criminal violations.

Further, although plaintiff has attached approximately 1,900 pages of exhibits to his amended complaint, he fails to explain how they relate to his allegations or are relevant to the case. More narrowly, plaintiff does not indicate how any of the exhibits provide a basis for this court's jurisdiction to adjudicate his claims.

Finally, as noted above, plaintiff filed, concurrent with his original complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[3] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. The court therefore grants plaintiff's application and waives his filing fee.

---

demonstrate how he, specifically, has been injured, transfer to another court would be futile, given the weakness of his claims on the merits. Accordingly, the court declines to transfer plaintiff's claims.

[2] To the extent that plaintiff asserts a due process claim under the Fifth and Fourteenth Amendments of the United States Constitution, this court lacks jurisdiction. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

[3] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 277-78 (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

5

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's amended complaint for lack of jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge